IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONTA TAYLOR, | § | |
| | § | |
| Movant, | § | |
| | § | No. 3:16-cv-02151-O |
| v. | § | No. 3:11-cr-00014-O-1 |
| | § | |
| UNITED STATES of AMERICA, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Movant Donta Taylor, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. For the following reasons, Taylor's § 2255 motion is denied.

**Background**

In 2011, Taylor pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Taylor also had several prior state burglary convictions. The Court thus applied an Armed Career Criminal Act (ACCA) sentencing enhancement and sentenced Taylor to 180 months' imprisonment. Taylor did not appeal to the Fifth Circuit Court of Appeals. Instead, he filed this § 2255 motion, which was received in the Clerk's Office on June 27, 2016.

In his motion, Taylor argues his sentence is invalid under *Johnson v. United States*, 576 U.S. 591 (2015). The Government responds that: (1) his motion should be dismissed as untimely; (2) his motion should be dismissed because he waived his right to bring it; (3) his motion is procedurally barred; and (4) his motion fails on the merits because his sentence was not based on the ACCA's residual clause. Taylor failed to file a reply to the Government's response. Therefore, the Court must consider his petition without the benefit of a reply.

**Discussion**

Taylor relies on the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015). In *Johnson*, the Supreme Court found the ACCA's residual clause was unconstitutionally vague. *Id.* The Supreme Court's decision in *Johnson* is retroactively applicable on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

A movant raising a *Johnson* claim must demonstrate that "it was more likely than not that he was sentenced under the residual clause." *United States v. Clay*, 921 F.3d 550, 559 (5th Cir. 2019). To assess whether a sentencing court categorized a conviction as a violent felony based on the residual clause, the court should look to the sentencing record, the presentence report, other relevant materials, and the legal landscape at the time sentence was imposed. *United States v. Wiese*, 896 F.3d 720, 724-25 (5th Cir. 2018).

In this case, Taylor raises a *Johnson* claim, but he fails to demonstrate that he was sentenced under the residual clause. Rather, he was not sentenced under the residual clause – the only provision that *Johnson* found to be unconstitutional. *See Johnson*, 576 U.S. at 606 ("Today's decision does not call into question application of the [ACCA] to the four enumerated offenses[.]"); *see also Wiese*, 896 F.3d at 726 ("*Johnson* only applied to the residual clause and cannot be used to attack sentences under the enumerated offenses clause."). Instead, burglary, the crime supporting Taylor's ACCA sentence, is one of the enumerated "violent felonies" under the ACCA. *See* 18 U.S.C. § 924(e)(2)(B)(ii); *United States v. James*, 950 F.3d 289, 291 (5th Cir. 2020) (identifying the ACCA's "enumerated crimes" as "burglary, arson, or extortion, [or] involves use of explosives") (quoting 18 U.S.C. § 924(e)(2)(B)). As such, Taylor's prior burglary convictions qualify as "violent felonies" or predicates under the ACCA. *See United States v. Wallace*, 964 F.3d 386, 388 (5th Cir. 2020) (finding that prior convictions for burglary in Texas were generic and

therefore qualified as violent felonies or predicates for the ACCA enhancement); *United States v. Walton*, 804 F. App'x 281, 282 (5th Cir. 2020) (per curiam) (noting that challenges to the Texas burglary statute as being nongeneric for purposes of the ACCA enhancement were foreclosed) (citing *United States v. Herrold (Herrold II)*, 941 F.3d 173, 176-82 (5th Cir. 2019) (en banc) (holding that Texas's burglary of a building statute qualifies as generic burglary, which is a violent felony or predicate offense under the ACCA).[1]  Consequently, Taylor's *Johnson* claim fails on the merits.[2]

### Conclusion

For the foregoing reasons, Taylor's motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED**.

In accordance with Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c) and after considering the record in this case, Taylor is **DENIED** a Certificate of Appealability.  The Court finds that Taylor has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the [motion] states a valid claim of the denial of a constitutional right" and "debatable

---

[1] "Only convictions under generic statutes count toward the ACCA sentencing enhancement." *Wallace*, 964 F.3d at 387-88 (citing *Mathis v. United States*, 136 S. Ct. 2243, 2247 (2016)).

[2] Taylor also argues that because a jury did not find the three qualifying convictions supporting his ACCA sentence, his sentence is illegal. (ECF No. 2 at 9-12.) This argument is foreclosed by the Supreme Court's holding in *Almendarez-Torres v. United States*, 523 U.S. 224, 224 (1998) (holding that, for sentencing enhancement purposes, a defendant's prior conviction need not be alleged in the indictment or submitted to the jury and proved beyond a reasonable doubt). In addition, in the factual resume Taylor and his counsel signed, Taylor specifically admitted that he committed at least three offenses qualifying as predicates under the ACCA:  two convictions for Texas burglary of a building and two convictions for Texas burglary of a habitation. (CR ECF No. 21 at 2-3; *see also* PSR ¶¶ 31, 32, 35, 36.) *See United States v. Lister*, 822 F. App'x 287 (5th Cir. 2020) (per curiam) (holding that Texas burglary of a building constitutes generic burglary); *United States v. Palmer*, 819 F. App'x 268, 269 (5th Cir. 2020) (per curiam) (holding that Texas burglary of a habitation is a violent felony).

whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

If Taylor files a notice of appeal, he must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis* and a properly signed certificate of inmate trust account.

**SO ORDERED** this **1st day** of **December, 2020**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**